# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ST. PAUL STAMP WORKS, INC. d/b/a ALLEN MARKING PRODUCTS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    No. 05-349-CV-W-FJG<br>) |
| ALLEN MARKING PRODUCTS, INC., DISCOVER RUBBER STAMPS, INC.; HOWARD K. HENDRICKS, Jr.; and BRIAN C. HENDRICKS, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## ORDER

Currently pending before the Court is the Affidavit of Daniel Q. Poretti regarding plaintiff's Costs and Attorney Fees (Doc. # 51). On July 19, 2006, the Court entered Default Judgment and Summary Judgment against the defendants. In that Order the Court asked plaintiff's counsel to submit an Affidavit detailing the amount of attorney fees and costs incurred. Two firms represented the plaintiff in this action, Rider Bennett and Bryan Cave. Rider Bennett requested fees in the amount of $36,549.50 and costs in the amount of $2,678.96. Bryan Cave requested fees in the amount of $7,620.00 and costs in the amount of $2,097.61. The hourly rates charged by Rider Bennett were $325.00 an hour for Mr. Poretti, who is a partner and $200 an hour for Mr. Frederick who is an associate with the firm. The hourly rates charged by Bryan Cave were $305.00 for Mr. Hoffman who is a partner and $260.00 an hour for Ms. Zerger who is an associate.

In Hite v. Vermeer Manufacturing Co., 361 F.Supp.2d 935, 951-52 (S.D.Iowa 2005), aff'd, 446 F.3d 858 (8th Cir. 2006), the Court stated:

> "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. See Hensley, 461 U.S. at 433, 103 S.Ct. 1933.

Id. at 951-52.

> The Eighth Circuit had adopted the guidelines for attorney's fees set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). . . . In assessing attorney's fees, the district court must consider the following twelve factors: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases. . . . Under the Johnson standards, the minimum award should generally be not less than the number of hours claimed times the attorney's regular hourly rate. . . . This statement, however, [is] not a complete limitation on the district court's discretion to award only reasonable attorney fees, but only a general guideline to be followed in the absence of unusual circumstances.

Id. at 952 (internal citations and quotations omitted).

"The Court calculates the fee by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate with the resulting total presumed to be a reasonable fee subject to an upward or downward adjustment based upon the factors enumerated above." Norwood Operating Co. v. Beacon Promotions, Inc., No. Civ. 04-1390 (MJD/SRN), 2006 WL 3103154 (D.Minn. Oct. 31, 2006).

2

After reviewing the Affidavit submitted by plaintiff's counsel, the Court finds it necessary to make an adjustment to the rate charged by Ms. Esau Zerger. The Court will reduce the rate for Ms. Esau Zerger to $200.00, to more closely correspond with the rate charged by the associate, Mr. Frederick at the Rider Bennett firm. The Court finds this rate to be more reasonable. This results in a deduction of $1,182.00. Multiplying the hours billed by the rates charged, leads to a lodestar amount of $42,987.50 in attorney fees. The Court finds in unnecessary to make any other adjustments to this figure. Accordingly, the Court hereby awards plaintiff $42,987.50 in attorney fees and $4,776.57 in costs.

Date: December 7, 2006   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
United States District Judge